# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **INTERLEDA COMPANY,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | **CAUSE NO. 1:13-cv-00356-RL-SLC** |
| | ) | |
| **ZHONGSHAN BROAD-OCEAN** | ) | |
| **MOTOR CO., LTD.,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is a joint motion by the parties seeking approval of a revised, proposed stipulated protective order. (DE 51). Federal Rule of Civil Procedure 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). The revised, proposed protective order submitted by the parties, however, still falls short of a showing of good cause.

To explain, the proposed order's definition of "Confidential Information" remains overly broad. Although the order articulates adequately demarcated categories of protectable information, it does not limit the order to such categories, instead referring to them merely as "[e]xamples."[1] A protective order, however, must extend only to "properly demarcated

---

[1] The proposed order sets forth the following definition:

"CONFIDENTIAL INFORMATION" means any information and data, to the extent such information or data would be considered a trade-secret or proprietary or confidential commercial information under Indiana law and not generally known to the public or in the industry within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. *Examples of confidential information that may fall within this definition in this matter includes, but is not limited to*, proprietary customer information such as purchasing data, contact information, customer preferences and communications, development or marketing strategies or plans for the parties'

categor[ies] of legitimately confidential information." *Id.* at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001).

Also, paragraph 19 of the proposed order provides that after termination of this litigation, copies of Confidential Information will be returned or destroyed. Of course, this provision should not apply to the Court.

As explained in this Court's Order dated July 9, 2015 (DE 49), "the same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). Because the instant proposed order contemplates sealed filings and proceedings, it demands a higher level of scrutiny.

In sum, the proposed order's definition of "Confidential Information" remains overly inclusive, and thus, the Court DENIES the parties' joint motion for approval of a revised, proposed stipulated protective order. (DE 51). The parties may submit a revised proposed

---

customers or products, development or marketing research for the parties' products and processes used in product development or manufacture, proprietary technical drawings and specifications for the parties' products, financial, cost and price information for the [p]arties' products, bank or financial account information maintained by the parties, and all tax information and returns.

(Emphasis added).

protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Enter for this 14th day of October 2015.

s/ Susan Collins  
Susan Collins  
United States Magistrate Judge